JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC-22-00146-PA (AGRx)<br>MC-22-00147-PA (AGRx) | Date | October 14, 2022 |
|---|---|---|---|
| Title | Meta Platforms, Inc. v. Snap Inc. | | |

Present: The Honorable   Alicia G. Rosenberg, United States Magistrate Judge

| K. Lozada | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Movant: | Attorneys Present for Respondent: |
| n/a | n/a |

**Proceedings:**   ORDER TRANSFERRING, PURSUANT TO FED. R. CIV. P. 45(f), (1) RULE 45 MOTIONS IN MC-22-00146-PA TO THE ISSUING COURT; AND (2) RULE 45 MOTIONS IN MC-22-00147-PA TO THE ISSUING COURT

Case is called. Counsel state their appearances.

## I.   Procedural History

Moving party Meta Platforms, Inc. ("Meta") has filed motions to compel Snap Inc. ("Snap") to comply with a third party subpoena issued in two different underlying actions. Miscellanous action CV 22-mc-00146 concerns Meta's motion to compel, and Snap's cross-motion to quash, a subpoena issued in *Federal Trade Comm'n v. Meta Platforms, Inc.*, Case No. 1:20-cv-03590-JEB pending in the District of Columbia (hereinafter "*FTC* Action"). Miscellaneous action CV 22-mc-00147 concerns Meta's motion to compel, and Snap's cross-motion to quash, a subpoena issued in *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD pending in the Northern District of California (hereinafter "*Klein* Action").

In the miscellaneous action CV 22-mc-00146 (hereinafter "*FTC Subpoena* Action"), Meta filed a motion to transfer the subpoena-related motions to the *FTC* action. (Dkt. No. 40.) The motion was referred to this court.[1] (Dkt. No. 43.) Snap filed an opposition. (Dkt. No. 50.) Meta filed a reply. (Dkt. No. 54.)

By order dated September 12, 2022, the court ordered supplemental briefing. (Dkt. No. 58, *FTC Subpoena* Action; Dkt. No. 37, *Klein Subpoena* Action.) Meta's reply brief had advised the court of recent developments in the *Klein* action and stated that it "would not oppose the Court *sua sponte*

---

[1] A motion to transfer from one judicial district to another is a nondispositive motion that is within a magistrate judge's authority to adjudicate. *Cardona v. U.S. Dist. Ct.*, 25 F.4th 692, 699 (9th Cir. 2022).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC-22-00146-PA (AGRx) <br> MC-22-00147-PA (AGRx) | Date | October 14, 2022 |
|---|---|---|---|
| Title | Meta Platforms, Inc. v. Snap Inc. | | |

transferring" the motions in miscellaneous action CV 22-mc-00147 ("hereinafter *Klein Subpoena* Action") to the *Klein* action pursuant to Fed. R. Civ. P. 45(f). Because Snap had not had an opportunity to address the proposed transfer of the motions in *both* the *FTC Subpoena* action and *Klein Subpoena* action to their respective issuing courts, the court ordered further briefing in both miscellaneous actions.

Pursuant to the court's order, Snap filed a supplemental opposition. (Dkt. No. 60, *FTC Subpoena* Action; Dkt. No. 39, *Klein Subpoena* Action.) Meta filed a reply. (Dkt. No. 61, *FTC Subpoena* Action; Dkt. No. 40, *Klein Subpoena* Action.) Meta also filed a notice of ruling in the *FTC* action. (Dkt. No. 62, *FTC Subpoena* Action; Dkt. No. 41, *Klein Subpoena* Action.) Snap filed a response and requested the opportunity to address the import of the ruling at oral argument. (Dkt. No. 63, *FTC Subpoena* Action; Dkt. No. 42, *Klein Subpoena* Action.) The matter came on for hearing and the court heard oral argument. Subsequently, on October 14, 2022, Snap filed a notice of recent development. (Dkt. No. 69, *FTC Subpoena* Action; Dkt. No. 49, *Klein Subpoena* Action.)

## II. Discussion

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Absent consent, the proponent of transfer bears the burden of showing exceptional circumstances. Advisory Note to 2013 Amendments. The prime concern is avoiding burden on local third parties subject to subpoena. "In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* "Transfer is appropriate only if such interests outweigh the interests of the non-party served with the subpoena in obtaining local resolution of the motion." *Id.*

### A. FTC Subpoena Action

Meta argues that exceptional circumstances exist and that transfer is warranted for two reasons.

First, Meta argues that Snap seeks a ruling from this court on a matter Judge Boasberg has already adjudicated in the *FTC Action*. Specifically, Snap seeks an order from this court prohibiting Meta in-house counsel from reviewing those documents that Snap designates as highly confidential if such documents are ordered to be produced in response to the subpoena.

In a filing dated March 22, 2022, Snap, along with other third parties, filed a "Position Statement on the Protective Order" before Judge Boasberg in the *FTC Action*. (Dkt. No. 135, *FTC Action*.) The Position Statement argued that Meta had served subpoenas seeking extremely sensitive information and data from third parties. The Position Statement urged the Court to prohibit Meta's in-house counsel from accessing highly confidential information absent a showing of particularized need that materially

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC-22-00146-PA (AGRx)<br>MC-22-00147-PA (AGRx) | Date | October 14, 2022 |
|---|---|---|---|
| Title | Meta Platforms, Inc. v. Snap Inc. | | |

outweighed the risk of harm to the third party and the public interest, and reject Meta's proposal that two in-house counsel who are not engaged in competitive decision-making have such access.

On the same day, Judge Boasberg approved Meta's proposal with the proviso that the two in-house counsel shall be prohibited from participating in Meta's competitive decision making for two years, whether employed by Meta or a new employer. (Order, Dkt. No. 131, *FTC Action*.) On March 25, 2022, the Court entered the protective order. (Dkt. No. 134, *FTC Action*.) The protective order approved on July 11, 2022 in the *Klein* Action contains a similar provision for highly confidential litigation. (Dkt. No. 314 ¶ 7.3(b), *Klein* Action.)

More recently, on August 16, 2022, third party TikTok Inc. filed a motion to deny Meta's designated in-house counsel access to TikTok's highly confidential information in the *FTC* Action. (Dkt. No. 174, *FTC Action*.) The Court denied the motion without prejudice to resort to the discovery resolution procedure outlined in the Scheduling Order (Dkt. No. 103). (Docket Entry dated August 16, 2022, *FTC Action*.)

At oral argument, Snap indicated that it would object to access by Meta's in-house counsel only as to certain categories of current, highly sensitive documents if ordered to produce them in response to the subpoena. For example, Meta requests communications between Snap and government entities regarding a wide variety of topics. (Document Request Nos. 1, 60, 61 (as narrowed).) Snap contends that insight into Snap's lobbying strategies or activities would likely be helpful to Meta's in-house counsel involved in Meta's governmental affairs or lobbying. According to Snap, the protective order's proviso prohibiting Meta's in-house counsel from engaging in competitive decision-making would not ameliorate this particular risk. At oral argument, the parties disputed whether, and to what extent, Snap would be able to obtain relief from the protective order in the *FTC* Action.

Snap's request for relief from the protective order favors transfer to the issuing district. *See Bestwall LLC v. Armstrong World Indus.*, 2022 U.S. App. LEXIS 23685, *21 (3d Cir. Aug. 24, 2022) (reversing denial of motion to transfer when third party's motion to quash essentially challenged issuing court's order); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 382 (D.D.C. 2017); Advisory Note to 2013 Amendments.

Second, Meta contends that the same or similar issues in Snap's motion to quash are likely to arise in response to subpoenas it or the FTC served in the highly complex *FTC* Action that involves wide-ranging antitrust issues. As of the joint status report filed on August 31, 2022 in the *FTC Action*, the FTC and Meta had served subpoenas on over 100 third parties in approximately 20 different judicial districts. Currently pending in the *FTC* Action is Meta's motion to compel Alpha Exploration Co. (dba Clubhouse) to produce documents responsive to requests in two categories (competitive landscape and time spent/user engagement data) that are also at issue in Meta's motion to compel directed to Snap in this court. Clubhouse has raised, among other things, issues regarding cost shifting, an issue Snap has also addressed in its papers in this court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC-22-00146-PA (AGRx) <br> MC-22-00147-PA (AGRx) | Date | October 14, 2022 |
|---|---|---|---|
| Title | Meta Platforms, Inc. v. Snap Inc. | | |

  After a discovery hearing on September 30, 2022, Judge Boasberg issued an order in the *FTC Action* requiring that the parties use best efforts to ensure that the issuing court handles all third party discovery disputes in order to "streamline the litigation, avoid delays in other jurisdictions, offer predictability and consistency in discovery rulings, and help inform the Court on the relevant issues." (Dkt. No. 62-2.)  When a third party files a discovery motion in a different court, as in this case, the FTC or Meta are ordered to inform that court of Judge Boasberg's order and seek transfer, as Meta has done. (*Id.*)  This court is mindful of Judge Boasberg's active management of a complex antitrust case involving over 200 docket entries, as well as the discovery schedule in the issuing court, where fact discovery closes in approximately seven months on May 22, 2023.  (Dkt. No. 103, *FTC Action*.)

  These circumstances weigh heavily in favor of transfer.  Other courts have found exceptional circumstances on similar facts.  *E.g.*, *Weddle v. Williams*, 2019 U.S. Dist. LEXIS 64493, *15 (D. Colo. Apr. 15, 2019) (appreciating issuing court's request that subpoena-related motions be transferred to it in heavily litigated case); *In re Disposable Contact Lens*, 306 F. Supp. 3d at 379 ("transferring this matter to the Issuing Court would avoid disruption of the carefully planned and time-sensitive discovery rulings that the Issuing Court has already made"); *Continental Automotive Sys. v. Omron Automotive Elecs., Inc.*, 2014 U.S. Dist. LEXIS 84080, *6 (N.D. Ill. June 20, 2014) (transferring discovery motion when "ruling here may turn out to be inconsistent with the rulings in the [underlying] case").

  Snap argues that it would be unduly prejudiced by transfer of the subpoena-related motions because it would be forced to litigate two largely overlapping motions to compel and motions to quash in two different jurisdictions.  Only this court, Snap argues, could hear the motions to compel and cross-motions to quash in both actions.

  "To balance the exceptional circumstances against the burden that transfer would impose on the subpoenaed party, courts weigh factors relating to the underlying litigation, 'includ[ing] the complexity, procedural posture, duration of pendency, and nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014).

  The court finds that any burden on Snap would be comparatively minimal.  Based upon review of the Clubhouse discovery papers in the *FTC* Action, the issuing court appears to have a streamlined procedure for discovery dispute resolution and conducts discovery hearings by zoom.  The papers filed in this court will be useful to the parties in framing the issues for Judge Boasberg, particularly because Meta appears to be using the same document categories.

  While Snap argues that this court is in the unique position of being able to rule on the subpoena-related motions in both the *FTC* Action and the *Klein* Action, the court finds that there would be minimal judicial economy in doing so.  The scope of discovery under Rule 45 is the same as the scope under Rule 34.  *See* Advisory Comm. Note to 1970 Amendment.  In each action, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | MC-22-00146-PA (AGRx)<br>MC-22-00147-PA (AGRx) | Date | October 14, 2022 |
|---|---|---|---|
| Title | Meta Platforms, Inc. v. Snap Inc. | | |

proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Proportionality would necessarily be ascertained according to the claims and defenses in each underlying case. Although there is some overlap, the *FTC* Action and *Klein* Action involve different anticompetitive conduct as well as somewhat different relevant market definitions.

The court will therefore grant Meta's motion to transfer the subpoena-related motions to the *FTC* Action. Meta has shown extraordinary circumstances that outweigh the interests of Snap in obtaining local resolution of the subpoena-related motions.

     **B.**     ***Klein* Subpoena Action**

As discussed above, Meta did not file a formal motion to transfer the subpoena-related motions in the *Klein Subpoena* Action to the issuing court. Rather, in its reply brief in support of the motion to transfer the *FTC Subpoena* Action, Meta advised the court of recent developments in the *Klein* action and stated that it "would not oppose the Court *sua sponte* transferring" the motions in miscellaneous action CV 22-mc-00147 to the *Klein* action pursuant to Fed. R. Civ. P. 45(f). The Court ordered further briefing because Snap had not had an opportunity to address the proposed transfer of the motions in *both* the *FTC Subpoena* Action and *Klein Subpoena* Action to their respective issuing courts. The Court also heard oral argument.

The Court will transfer the subpoena-related motions to the issuing court for largely the same reasons outlined above in connection with the *FTC Subpoena* Action. As matters stand now, Meta represents that Meta and nine plaintiffs in the *Klein* Action have issued subpoenas to at least 39 third parties in eight compliance districts. The protective order in that action contains substantially the same provisions regarding Meta's in-house counsel's access to highly confidential information as in the *FTC* Action. (*See* Dkt. No. 134, *Klein* Action.) To the extent Snap challenges whether the protections of that protective order are adequate as to certain categories of documents it may be ordered to produce, transfer is warranted. *E.g., In re Disposable Contact Lens*, 306 F. Supp. 3d at 382. Judge Donato has not expressed a preference for third party discovery disputes to be transferred to the issuing court. Nevertheless, he has a streamlined procedure for such discovery dispute resolution. (*See* Aug. 11, 2022 Hearing Tr., Dkt. No. 54-5, *FTC Subpoena* Action.) The *Klein* Action is equally complicated and involves over 360 docket entries at this stage of the proceedings. Judge Donato has heard argument and taken under submission a complex motion to dismiss, and has taken an active role in case management. The current discovery cut-off date is January 13, 2023, only three months away. The parties have filed a stipulation and proposed order that would extend the discovery cut-off date to June 30, 2023, approximately one month after the cut-off date in the *FTC* Action. All of these considerations weigh in favor of transfer. *See In re Disposable Contact Lens*, 306 F. Supp. 3d at 379. The burden on Snap would be minimal for the same reasons discussed above in connection with the *FTC Subpoena* Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | MC-22-00146-PA (AGRx) <br> MC-22-00147-PA (AGRx) | Date | October 14, 2022 |
|---|---|---|---|
| Title | Meta Platforms, Inc. v. Snap Inc. | | |

Extraordinary circumstances outweigh the interests of Snap in obtaining local resolution of the subpoena-related motions.

### III. Order

For the reasons set forth above,

IT IS ORDERED that Meta's motion to transfer the subpoena-related motions in MC-22-00146 PA (AGRx) to the *FTC* Action is GRANTED. The Clerk is directed to transfer this matter to the federal district court in the District of Columbia, before Judge James E. Boasberg, for consideration in the underlying litigation, *Federal Trade Comm'n v. Meta Platforms, Inc.*, Case No. 1:20-cv-03590-JEB.

IT IS FURTHER ORDERED that, on the Court's own motion and after giving the parties the opportunity to be heard, the subpoena-related motions in MC-22-00147 PA (AGRx) shall be transferred to the *Klein* Action. The Clerk is directed to transfer this matter to the federal district court in the Northern District of California, before Judge James Donato, for consideration in the underlying litigation, *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD.


cc: District Judge Percy Anderson

Initials of Preparer    kl